■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CAREY LEONARD BEAUCHAMP, Appellant.— Appeal from an order of the Supreme Court which denied, without a hearing, defendant's application in the nature of a writ of error *coram nobis* to vacate a judgment of conviction rendered May 26, 1961 upon his plea of guilty, it being his contention here that he was unlawfully deprived of his right to counsel. The District Attorney relies largely, if not entirely, on the fact that defendant, in his moving affidavit, states that he waived counsel and this, in form, he may have done, but it does not necessarily follow that he did so competently and intelligently; and, indeed, after alleging the denial of his constitutional and statutory rights, he avers: " The sole inquiry which is permitted is whether the defendant an ex-inmate of Arizona State Hospital can compentent [*sic*] an [*sic*] intelligently waive his rights to counsel ". As has been held: " However regular the proceedings at which he signed a waiver of indictment, declined assistance of counsel, and pleaded guilty might appear from the transcript, it still might be the case that petitioner did not make an intelligent and understanding waiver of his constitutional rights." (*Sanders* v. *United States,* 373 U. S. 1, 19–20.) However inartfully drawn, the affidavit, in the liberal view we are bound to accord it, called for some response on behalf of the People and defendant was entitled to a hearing unless his contention should be " ' conclusively refuted by unquestionable documentary proof ' ". (*People* v. *Hernandez,* 8 N Y 2d 345, 347, cert. denied 366 U. S. 976.) The order, which the District Attorney was directed to and presumably did prepare, refers to no documentary or other proof in opposition; and the record, as stipulated by the District Attorney, contains none. The reference in the order to " the records on file with the Clerk of the Court " is, of course, insufficient to sustain the order or to afford any basis for its review. As respects the procedural issue here involved, *People* v. *Boehm* (309 N. Y. 362), cited by respondent, is not in point, as in that case a hearing was had. Order reversed and matter remitted to the Special Term for further proceedings not inconsistent herewith. Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ., concur.